MACK v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

1. **Pleading Negligence.** In an action founded upon negligence, it is not necessary for the plaintiff, in his petition, to set out the facts constituting the negligence. An allegation specifying the act, the doing of which caused the injury; and averring generally that it was negligently and carelessly done, will suffice.

2. ———: PRACTICE. A general charge that the defendant "negligently killed" plaintiff's horse, if not objected to before trial, will be sufficient to let in proof of any act whatever on the part of the defendant which caused the killing or contributed thereto.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

*Wells H. Blodgett* for appellant.

*Emil Rosenberger* for respondent.

HOUGH, C. J.—This suit was originally instituted before a justice of the peace upon the following statement:

*The St. Louis, Kansas City & Northern Railway Co., Dr.*
*To James Mack.*

November 23rd, 1878, to damages for negligently
    killing at Bear Creek township, Montgomery
    county, Missouri, one gray mare   .   .   $60 00
Voluntary credit   .   .   .   .   .   .   10 00

Balance due   .   .   .   .   .   ..   .   $50 00

The plaintiff recovered judgment and the defendant has appealed.

The plaintiff's horse was killed at a crossing, on either side of which ties had been piled, close to the track, to the height of seven or eight feet, for acceptance by the railroad company, or for shipment, which, does not clearly appear, thereby leaving a space in the highway for crossing the track only seven or eight feet wide, and making a narrow lane from the open space left for crossing to the cattle-guard. No witness who testified at the trial saw the horse struck by the cars, but it is fairly inferable from the testimony that it was struck by the engine on or near the crossing, and was forced through the lane formed by the ties, and carried sixty feet inside of the cattle-guard.

The court instructed the jury that if they believed from the evidence that the horse was killed by reason of the negligence of the defendant's servants in managing the train, or if the defendant negligently permitted the cross-

ing to be obstructed by the ties so as to render the passage of stock over the same more hazardous than it would otherwise have been, and the horse was killed in consequence of said negligence, they would find for the plaintiff. The defendant contends that under the statement filed the plaintiff could only recover for negligence of the defendant in the management of its train, which, though not averred, was implied; that the negligence, if any of the defendant, in permitting the crossing to be obstructed by the ties not having been averred in the complaint, could not be made a ground for recovery; and that as there was no testimony whatever tending to show negligence in the management of the train, the judgment should have been for the defendant.

We are all of opinion that it is not necessary to set out the facts constituting the negligence complained of; that a general averment of negligence is sufficient, and that an allegation, therefore, specifying the act, the doing of which caused the injury, and averring generally that it was negligently and carelessly done, will suffice. Thompson on Neg., 1246, note 26; *Schneider v. The Mo. Pac. R'y Co.*, 75 Mo. 295; *Edens v. Hann. & St. Jo. R. R. Co.*, 72 Mo. 213.

But my associates go further and hold that inasmuch as the charge in the complaint that the defendant "negligently killed" the plaintiff's horse, was not objected to before the trial, it was sufficient to authorize proof of any act whatever of the defendant's servants which caused such killing or contributed thereto, and that there was consequently no error in admitting testimony as to the piling of ties in the highway near the track. They are further of the opinion that no error was committed in giving the instruction referred to.

The judgment must, therefore, be affirmed.