WALLACE HOPKINS, RESPONDENT, v. AMERICAN CAR & FOUNDRY COMPANY, A CORPORATION, APPELLANT.[*]

St. Louis Court of Appeals. Opinion filed November 6, 1928.

[*]Corpus Juris-Cyc. References: Courts, 15CJ, section 308, p. 920, n. 8; Trial, 38Cyc, p. 1480, n. 88, 90.

*Watts & Gentry* and *Arnot L. Sheppard* for appellant.

*G. A. Orth* of Counsel.

*Louis J. Robinson* and *Earl M. Pirkey* for respondent.

DAUES, P. J.—This is an action for personal injuries. The case comes back to us from the Supreme Court after *certiorari* proceedings. Our former opinion is reported as Hopkins v. American Car & Foundry Co., 295 S. W. 841, where the petition is set out and fully discussed and a complete statement of the case is made.

We were then of the opinion that we were bound to follow the case of Kramer v. Kansas City Power & Light Co., 311 Mo. 369, 279 S. W. 43, as the last controlling decision of the Supreme Court, and though we expressed grave doubt as to whether the petition should be held to be insufficient after verdict, we concluded that the Kramer case, supra, precluded us from holding otherwise. Confusion arose with reference to the Kramer case, in that the reported opinion shows a majority of the court concurring in the main opinion as well as in the concurring opinion. When the instant case came before the Supreme Court, en Banc, on *certiorari*, that matter was clarified, in that the official record in the Kramer case shows a majority of the court as concurring in Judge WHITE's concurring opinion and not in the main opinion, so that the concurring opinion by WHITE, J., is the law of that case, and under such concurring opinion it is then held that the petition in the instant case is sufficient after verdict.

Counsel for appellant, after this case came up for rehearing here, still insist that the Supreme Court's opinion does not compel us to hold the petition good. We cannot bring ourselves to believe that it is not our plain duty to take the opinion attached to the mandate as the controlling decision on the question. That opinion is reported as State ex rel. Hopkins v. Daues et al., Judges, 6 S. W. (2d Series) 893. There it is held, after a full discussion of the matter, that the correct rule in Missouri is that a general charge of negligence in a petition or answer is sufficient unless such pleading is properly assailed before verdict for want of definiteness. So that court has held the petition in the instant case to be sufficient after verdict. We therefore now hold, that appellant's attack upon the petition is of no avail.

A point not decided in the former opinion is again strenuously pressed, and that is that counsel for respondent not having instructed in the case except on the measure of damages, was erroneously permitted to argue the law to the jury. What occurred in the case, as appears from the record, is as follows:

"MR. PIRKEY: They say now, 'we put up a pile there, we had charge of it, we had the whole thing; here is a man comes along and

thought we understood our business, were doing our work right, and this thing falls over on him.' We come up and say, 'You ought to have looked'; you ought to have known whether that was going to fall; you ought to have gone to the office and told the company to pile this different'—in other words, excuse us for what we did, but condemn the man because he didn't do a thing which the law said it was our duty to do, which we undertook to do, and which this man had a right to believe we would do when he said, 'Here I am, strong and able-bodied; I have got two feet; I have got two hands; I am ready to do a day's work and do as I am told.'

"Mr. Sheppard: Your Honor, we object to the statement that the law says it was our duty to do thus-and-so, as being outside of the instructions as given in this case, and arguing law questions which are not now presented to the jury in written instructions, and ask counsel be rebuked. The law of this case, as we understand it, is contained in the instructions, no more and no less. An argument can't be made outside of those instructions.

"The Court: What is the particular statement you object to?

"Mr. Sheppard: The statement that this company under the law owed the plaintiff the duty to see that this pile was properly piled, and not order him into a place where it was dangerous—that is not covered by any instruction given in this case, it is not stated by the court that that is the law and we object to Mr. Pirkey arguing that is the law, because it is outside of the instructions given in the case, and ask that he be reprimanded."

Thus, it will be seen that the objection to the argument is purely to the effect that plaintiff's counsel could not argue the law to the jury since he received no instructions to that effect. In the motion for new trial the complaint is likewise made that the argument was improper because there were no instructions to that effect. So, then, we have the bare question before us as to whether or not plaintiff, having instructed on the measure of damages alone, could make any statement with reference to the law in the case.

It is true, Judge Lamm for the Supreme Court, in Powell v. Railroad Co., 255 Mo. 420, 164 S. W. 628, deprecated such a situation, but did not pass upon it.

In the case of Primmer v. Amer. Car & Fdy. Co., 299 S. W. 825, a case from this court and which is strongly relied upon by appellant, it is held that where plaintiff submits his case on one charge of negligence he may not afterwards in his oral argument present the law upon a charge of negligence that was abandoned, and in that case, too, there was objectionable colloquy between court and counsel about the matter. So that that case is not in point.

To hold that it is reversible error to have allowed counsel to make any argument whatsoever with reference to the theory of plaintiff's

case, although there were no instructions, would be almost tantamount to holding that no argument could be made at all by plaintiff, except possibly the bare facts disconnected from any theory of law presented by the petition. It would really mean that although it is now settled that plaintiff need not instruct at all, yet if he fails to do so he may not aid the jury by oral argument. Unless the jury remembered the petition, it could not intelligently know what the issues were. If the objection made to this argument and the motion for new trial thereafter had been on the ground that what counsel said was not the law, a different situation would arise. But here the objection is to making any statement at all about the law since there were no instructions. We confess that in theory something can be said of the appellant's position, but after considerable reflection we are of the opinion that no reversible error is committed where the trial judge admits of some argumentation or some explanation of the theory of the law in a petition to connect the proof so long as such statements are strictly within the law. Counsel of necessity must be permitted to state so much of the law as he asserts it to be, provided he states it correctly as to lay before the jury the force, effect and bearing of the testimony on the case. As to the extent, the trial court should exercise close scrutiny. We have not before us any other objection to this argument, and we think we should not now reverse this case on that ground.

The other and additional assigned errors have been examined and are disallowed. Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.