ABRAHAM KALVER, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, June 3, 1912.

1. **NEGLIGENCE: Derailment.** Plaintiff sued for damages for
injuries caused by an electric car leaving the rails and running
into his horse and wagon and throwing them against him. He
conducted a feed store and was in the act of putting a bale of
hay into his wagon which was standing in front of his store
when the accident occurred. *Held*, that the demurrer to the
evidence was properly overruled.

2. **PLEADING: Derailment: Cause of: Prima Facie Case.** In an
action for damages for injuries caused by the derailment of a
street car it is only necessary in order to make a prima facie
case of negligence to plead and prove that the injury was
caused by the derailment of the car while the person injured
was in the lawful use of a public street.

3. **NEGLIGENCE: Proximate Cause.** The proximate cause of an
event must be understood to be that which, in a natural and
continuous sequence, unbroken by any new cause, produces
that event and without which it would not have happened.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn*, Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appel-
lant.

*H. J. Latshaw* and *Jesse E. James* for respond-
ent.

JOHNSON, J.—Plaintiff sued to recover dam-
ages for personal injuries caused by the derailment
of an electric street car operated by defendant on In-
dependence avenue in Kansas City. The petition al-
leges that plaintiff "was lawfully upon said Independ-
ence avenue and upon the south side thereof . . .

when one of defendant's eastbound electric cars was on account of the carelessness and negligence of defendant . . . allowed, permitted and caused to run off of the track and leave the track and to run over said street and the pavement thereon to or near the south side of said street and near which plaintiff was standing and working, thereby throwing, pushing and shoving said wagon and forcing said wagon with great force and violence against the sidewalk and building on the south side of said street thereby greatly injuring plaintiff.'' The answer is a general denial. The trial resulted in a verdict and judgment for plaintiff for eight hundred dollars. Defendant appealed.

Independence avenue runs east and west, is paved with asphalt and at the place in question is a business street. Defendant operates a double track street railway on this street, the south track being used for east bound cars. The distance between the south rail of this track and the curb is thirteen feet and eight inches and the distance from the curb to the property line nine feet and six inches. Plaintiff operated a feed store on the south side of the street. His one horse delivery wagon was standing in the street next the curb and plaintiff and his son were loading the wagon from the store. The front wheels of an eastbound car, running eight or ten miles per hour, suddenly jumped the track and turning southward ran to and on the curbing crashing into the wagon and horse just as plaintiff emerged from the store carrying a bale of hay. Plaintiff testified: ''You see I have a hook in lifting a bale of hay. I got the bale to my face in front of the wagon. When the car struck I was just in the door stepping onto the sidewalk. The car pressed onto the wagon and the horse kicked me and I fell down with the bale of hay.''

The horse was killed and the wagon was demolished. Whether the wagon, horse, bale of hay, or all three inflicted the injuries, which consisted of numer-

ous bruises and contusions, is not made clear in the evidence. The statement of plaintiff that the horse kicked him appears from all the facts and circumstances to be a mere supposition. The definite facts discolsed by his evidence are that the front end of the car struck the horse and wagon, throw them on the sidewalk and in turn one or both of them hit plaintiff who was on the sidewalk and injured him. Plaintiff did not allege and in his evidence in chief did not attempt to show the cause of the derailment. At the close of his evidence defendant requested the giving of a peremptory instruction but the request was refused and defendant then introduced evidence to the effect that the derailment was accidental. It was shown that there was no defect in the track or in the car and experts testified that sometimes derailments occur under such conditions. Over the objections of defendant plaintiff in rebuttal was permitted to introduce evidence tending to show that some of the stone or granite blocks set on each side of the rail had become loose and out of place, and that three of these blocks were lying on the surface of the street, and from the facts and circumstances appearing in this evidence the inference is reasonable that the derailment was caused by one of the front wheels striking and running over a broken part of one of these blocks, and that preceding cars that day had struck these obstructions but had not been derailed. The paving of which the granite blocks had been a part was laid by defendant and it was admitted at the trial that an ordinance was in force which required defendant to pave the street in between and eighteen inches on the outside of its tracks.

Counsel argue that the court erred in overruling the peremptory instructions asked by defendant at the close of plaintiff's evidence and again at the close of all the evidence. First it is insisted that the petition does not state a cause of action and that the defect is of such character that it was not cured by verdict.

The statute (section 1794, Revised Statutes 1909) provides that a petition must contain "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition."

"The whole theory of the prectice act is that facts and not conclusions should be pleaded." [Humphreys v. Milling Co., 98 Mo. l. c. 552.]

"A petition must state all the facts which it will be necessary for the plaintiff to prove in order to make out a prima facie case." [Rogers v. Insurance Co., 186 Mo. l. c. 255.]

Plaintiff does not allege the facts on which he predicates his charge that the derailment of the car was caused by negligence of defendant. Defendant contends these facts were an integral part of his prima facie case and, therefore, should have been pleaded, while plaintiff argues that the only burden the rules of practice required him to carry in making out a prima facie case of negligence was to plead and prove that his injury was caused by the derailment of the car while he was in the lawful use of a public street.

We decided this precise point recently in the case of Baker v. Railroad, 142 Mo. App. l. c. 359, where we held that when a plaintiff showed he was on the public sidewalk where he had a right to be, and was injured by the derailment of a car running on a street railway track owned and operated by the defendant, he made out a prima facie case of negligence, and cast the burden on the defendant to show that the derailment was not due to negligence but to unavoidable accident or to some cause beyond its control.

The rule of *res ipsa loquitur* is not restricted to cases where the injury was inflicted during the relationship of carrier and passenger. As is held in McGrath v. Transit Co., 197 Mo. l. c. 104, the rule also applies to instances "where the injury arises from some condition or event that is in its very nature so obviously destructive of the safety of person or prop-

erty, and is so tortious in its quality as in the first instance at least to permit no inference save that of negligence on the part of the person in control of the injurious agency.''

It is true there is no contractual relation between the operators of street cars and other users of the public streets as there is between carrier and passenger, nor does a street railway company owe to others using the streets the duty of exercising more than reasonable care for their safety, but the facts that the consequences of a derailment of a street car running at high speed along a busy thoroughfare generally are serious, that people are accustomed to act on the presumption that a car will not leave its track and that the cause of a derailment is a fact about which the company possesses vastly superior means of knowledge, induce us to hold, as we did in the Baker case, that the burden is on the defendant to show that the derailment was accidental and not due to negligence. The petition alleged all of the constitutive facts of the cause of action asserted.

What we have just said answers the objection of defendant that the evidence introduced by plaintiff relating to the cause of the derailment belonged to his evidence in chief and was not proper rebuttal. Plaintiff was not required to go into the issue of the cause of the derailment until defendant, in the discharge of its burden, had offered evidence tending to show the accidental origin of the injury. Then it became proper for plaintiff to meet such evidence by showing that the cause of the derailment was negligence.

Further defendant insists that the fact of the car being derailed by running over a loose cobblestone of itself is no proof of negligence. It was a question for the jury to determine whether or not the motorman in the exercise of reasonable care should have discovered the obstruction in time to prevent the de-

railment. Other answers to the argument on this point might be given but this suffices for present purposes.

There is no merit in the position that we should hold as a matter of law that no direct causal connection is shown by the evidence between the negligence and the injury. "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have happened. Proximity in point of time or space, however, is no part of the definition. That is of no importance, except as it may afford evidence for or against proximity of causation. The negligence, which is the proximate cause of the injury authorizing a recovery, is not necessarily the immediate cause, but the culpable act in the chain of causation nearest the injury." [Boyce v. Railway Co., 120 Mo. App. 168.] Certainly defendant should have anticipated that a natural consequence of the derailment of a car and its subsequent running on the pavement might be a collision with another vehicle on the street and the injury of those in and about such vehicle. The horse and wagon were but an agency in the transmission of the dangerous force turned loose by defendant's negligence and were not an independent and intervening cause of the injury.

The demurrer to the evidence was properly overruled.

Objections to the rulings of the court on evidence have been considered and are pronounced ill founded. The point that the court erred in not granting a new trial on the ground of newly discovered evidence was not properly preserved in the trial court and, therefore, is not before us for determination. We cannot say the verdict is excessive. We have a strong suspicion that plaintiff magnifies trifling bruises into a serious injury, but his evidence is substantial and the assessment of damages is well within its substance.

The credibility of plaintiff and his witnesses was an issue for the jury as was the weight of their evidence. There is no substantial error in the record and the judgment is affirmed. All concur.