THE STATE at Relation and to Use of SAM BRANCATO v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.— 18 S. W. (2d) 4.

Court en Banc, March 27, 1929.

*Harding, Murphy & Tucker* for relator.

*Jacobs & Henderson* and *Thomas E. Deacy* for respondents.

320

GANTT, J.—Relator seeks to have quashed the opinion of the Kansas City Court of Appeals in Eppstein v. Brancato (No. 15318). By invitation and as a guest of the defendant Brancato, the plaintiff was traveling in an automobile, owned and driven by said defendant, from Leavenworth, Kansas, to Kansas City, Missouri. Enroute the

automobile collided with a bus of the Inter-State Stage Lines Co., moving in the same direction. Plaintiff was injured, and recovered judgment in the circuit court against Brancato and the Inter-State Stage Lines Co. The trial court sustained the motion of the Inter-State Stage Lines Co. for a new trial, and overruled the motion of Brancato for a new trial. He appealed to the Kansas City Court of Appeals, where the judgment was affirmed. In that court he contended his demurrer to the petition should have been sustained, for the reason the petition did not charge any act of negligence against him. The charging part of the petition follows:

. . . and when said automobile driven by said Brancato, and said motor bus operated by said defendant corporation, its agents, servants, and employees as aforesaid, reached a position parallel the one with the other upon said public highway, and while plaintiff was in the exercise of ordinary care and caution for her own safety, the defendant Brancato, and the defendant corporation, its agents, servants and employees, so negligently and carelessly operated their respective automobiles or motor vehicles as to operate them one against the other with great force and violence. . . .

"The carelessness and the negligence of the defendants consisted in the following, to-wit:

"2. The defendant, Sam Brancato, carelessly and negligently operated his said automobile or motor vehicle, which he was then and there driving and in which plaintiff was riding, as aforesaid, violently and forcibly upon and against the motor bus or motor vehicle belonging to the defendant, the Inter-State Stage Lines Company."

The Court of Appeals held the petition charged general negligence and was good after verdict. This ruling is challenged as being in conflict with Kramer v. Power & Light Co., 311 Mo. 369, 279 S. W. 43.

I. Relator insists the charge in the Kramer case and in the instant case are almost identical and that we held in the Kramer case the charge was "but the statement of a legal conclusion" and did not charge the defendant with negligence.

The Court of Appeals rules this contention against defendant Brancato, on the ground that the charges of negligence set forth in the petitions were not similar. It will not be necessary to determine if this ruling is correct, for the reason we did not rule in the Kramer case that the charge of negligence was insufficient to support a verdict. The case was reviewed in Division Two, and the opinion was written by RAILEY, C., who did so rule, but a majority of the judges of that division, in a concurring opinion by

WHITE, J., held the petition charged general negligence and was good after verdict. [State ex rel. Hopkins v. Daues, 6 S. W. (2d) 893.] The contention is overruled.

II. Defendant Brancato also moved to compel the plaintiff to make the petition more definite and certain. Upon the motion being overruled, the defendant answered and went to trial on the merits. The Court of Appeals ruled that by doing so the defect was waived. Brancato insists this ruling is in conflict with WHITE'S, J., concurring opinion in the Kramer case (1. c. 390), in which it was said:

"It is true the authorities are in conflict as to whether answering over after a motion directed at the petition is overruled, waives the defect. . . . It appears to me a harsh rule to hold that a defendant in such case would waive his right to claim an error where he made the point in the only way he could, and at the earliest moment he could."

By this statement Judge WHITE expressed his view, but did not rule on the question.

The last opinion of this court on the question is recorded in Sperry v. Hurd, 267 Mo. 1. c. 639, 185 S. W. 170, where we said:

"Plaintiffs in error are not now in a position to urge as error the action of the court in overruling their motion to make the petition more definite and certain. This point was waived when they answered over and went to trial upon the merits. [Sauter v. Leveridge, 103 Mo. 615; State ex rel. v. Bank, 160 Mo. 640; Dakan v. Chase & Son Mercantile Co., 197 Mo. 238; Ewing v. Vernon County, 216 Mo. 681.]

"In the main opinion in the case of Shohoney v. Railroad, 223 Mo. 649, 1. c. 673, an attempt was made to overrule the above cases on the point in question, but since the opinion as to that point did not receive a majority vote (1. c. 685) the above cited cases are to be considered as announcing the correct rule."

The contention is overruled.

III. The Court of Appeals ruled that the plaintiff, under the facts of this case, could avail herself of the *res ipsa loquitur* doctrine. This ruling is challenged by relator as being in conflict with McGrath v. St. Louis Transit Co., 197 Mo. 97, 94 S. W. 872, and Hartman v. Railroad Co., 261 Mo. 279, 168 S. W. 1143.

The evidence for plaintiff tended to show the collision resulted from negligence of either the defendant Brancato or the defendant Inter-State Stage Lines Co. We ruled in the McGrath case (1. c. 104) as follows:

"Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the accident, but show a state of affairs where an inference could be as reasonably drawn that the accident was due to a cause•or causes other than the negligent act of the defendant, then the plaintiff cannot rely upon mere proof of the surrounding facts and circum‧ stances of the accident, and the defendant is not called upon to explain the cause of the accident, and to purge himself of the imputed or inferential negligence."

In the Hartman case we followed the McGrath case on the question.

A standard text states the rule, as follows:

"The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an enquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms." [Sherman & Redfield on the Law of Negligence (6 Ed.), sec. 58b, p. 131.]

Respondents direct attention to Price v. Ry. Co., 220 Mo. 453, 119 S. W. 932, and Stauffer v. Railroad, 243 Mo. 305, 147 S. W. 1032. Those are passenger and carrier cases. The carriers contracted to safely carry the plaintiffs, and the collisions and injuries made available to them a presumption of negligence. In the instant case defendant Brancato was not a common carrier. The plaintiff was only a guest. For that reason she is not aided by a presumption of negligence. The collision in the instant case may bespeak negligence, but it does not locate the negligence.

The application of the *res ipsa loquitur* doctrine is discussed by ELLISON, J., in Hamilton v. Railroad, 123 Mo. App. 619, 100 S. W. 671.

Thus it appears the ruling of the Kansas City Court of Appeals on this question is in conflict with McGrath and Hartman cases. For this reason its opinion and judgment in Eppstein v. Brancato (No. 15318) are quashed. All concur.