TAVNER DUNLAP, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE COMPANY, APPELLANT.—130 S. W. (2d) 658.

Kansas City Court of Appeals.   May 29, 1939.

*Charles L. Carr* and *Hogsett, Murray, Trippe, Depping & Houts* for appellant.

*Johnson, Lucas, Landon, Graves & Fane* for respondent.

CAMPBELL, C.—Plaintiff obtained a verdict and judgment for $2000, damages for injuries suffered by him in a collision between the automobile in which he was riding and a street car operated by the defendant. The defendant has appealed.

The petition alleged that on September 27, 1935, plaintiff was riding in an automobile driven by V. L. Scott in an easterly direction on Independence Avenue in Kansas City, Missouri; that said automobile was stopped at the intersection of said avenue and Prospect Avenue because of a red traffic light; that at the same time a street car being operated in a westerly direction on Independence Avenue was stopped near the east side of the intersection of said Avenues; that the street car was known to plaintiff to be an Independence Avenue car which, under the rule, practice and custom of defendant, should proceed west across Prospect Avenue; that when the traffic signal turned green for east and west traffic the automobile, Scott driving, proceeded east upon the intersection of said avenues

354

and the street car proceeded west upon said intersection; that there was a switch in the track upon which the street car was running by which certain cars of the defendant, other than its Independence Avenue cars, turned south on Prospect Avenue; that when the automobile in which plaintiff was riding was upon defendant's track for south bound street cars at said intersection "the defendant carelessly and negligently caused and permitted its said switch to split, and said street car, contrary to said rule, custom and practice, to turn south on Prospect Avenue, suddenly and without warning to plaintiff or said Scott, and to run into, over and upon the car in which plaintiff was riding and into, over and upon the plaintiff, causing plaintiff certain painful, permanent and progressive injuries as hereinafter set forth." The petition further alleged that the street car was under the exclusive management and control of the defendant.

The answer was a general denial.

The evidence shows the automobile and street car stopped, thereafter moved into the intersection of the avenues; that the street car should have proceeded west across Prospect Avenue; that instead of moving west across the intersection it turned to the south upon Prospect Avenue, collided with the automobile, as alleged in the petition. It seems to be conceded the street car turned to the south because the switch split.

Plaintiff's instruction No. 1 allowed him to have the verdict upon the jury finding certain facts not in controversy, and that "the defendant carelessly and negligently, if you so find, permitted the switch mentioned in evidence to split, if so, and carelessly and negligently, if so, permitted its said street car to turn south on Prospect Avenue, if so, suddenly, if so, and without warning to plaintiff or said Scott, if so, and carelessly and negligently, if so, permitted its said street car to collide, if so, with the automobile in which plaintiff was riding, if so, injuring plaintiff, if so, then your verdict will be in favor of the plaintiff and against the defendant."

Defendant contends this instruction was wrong for the reasons (1) the petition charged specific negligence in failing to warn of the turning of the car, as well as general negligence; (2) that it was error to submit negligence in permitting the switch to split, regardless of the failure to warn, and (3) there was no evidence the motorman could in the exercise of ordinary care have given warning of the turning of the car in time to have averted the collision.

The defendant argues the petition charged general negligence in "permitting the switch to split and the car to turn and run into the automobile, and also specific negligence in failing to warn plaintiff or Scott of the turning of the car."

The allegation "without warning to plaintiff" was not a charge of specific negligence. It could "only go to show that plaintiff was

unaware of the danger'' and may be treated as surplusage. [Cull. v. McMillan Contracting Co., 178 S. W. 868; Cole v. Uhlmann Grain Co., 100 S. W. (2d) 311, 323; Schwanenfeldt v. Metropolitan Street Railway Co., 187 Mo. App. 588, 174 S. W. 143.] It was not necessary under the authorities just cited to prove failure to warn, nor to submit that question in the instruction. Failure to warn was submitted in the conjunctive. The instruction was not erroneous.

The defendant presents the case here upon the theory that the allegation that the defendant negligently caused and permitted the switch to split and the car to turn into Prospect Avenue was a charge of general negligence and we shall rule the case upon that theory.

The street car under the established custom should have proceeded west across the intersection. Plaintiff knew of that custom. He therefore traveled east without cause to apprehend that danger beset him. He would not have been in danger had the street car proceeded as he had the right to believe it would proceed. The street car turned south because an instrumentality under the exclusive control of the defendant failed to function properly. On these facts we hold the jury could infer the splitting of the switch was due to some negligence of the defendant and that it was proper to submit the case upon the charge of general negligence. The fact the motorman testified he did not know what caused the switch to split; that many different things could or might cause a switch to split, did not deprive plaintiff of the right to have his case submitted to the jury.

The defendant insists the verdict was excessive.

Plaintiff testified that although he was ''knocked out'' by the collision he remembered some men helped him out of the car and across the street; that he had a wound on top of his head, his lip was split and his chest injured; that he was taken to a hospital where he remained until the next day, and was then taken to his home; that adhesive tape was put on the wound on his head and his lip sewed up; that there was a scar on his lip and a ''hard place there from the wound;'' that he went back to work in about two weeks after the accident; that he had difficulty in breathing for several months, could ''hardly breathe for the pain in'' his chest; that he suffered pain in his lip; that his lip festered and was lanced in a period of three or four months ''a half dozen times;'' that his back still bothered him at the time of the trial, more than two years after the collision, and that he had pain in his chest ever since the collision. He further testified that prior to the accident involved herein he ''strained'' his back in lifting, but that it didn't trouble him ''to speak of.''

Dr. DeWeese testified he made an X-ray of plaintiff on October 2, 1935 (five days after the accident), which revealed an oblique fracture of one of plaintiff's ribs covering an area of three inches and a

356

zone of thickening in his pleura; and that plaintiff had traumatic pneumonia over an area probably two inches in its greatest diameter.

The jury was correctly instructed on the measure of damage; it found that plaintiff was entitled to have $2000 for his injuries. The trial judge approved that finding. The verdict should not be reduced unless we can point to some good reason therefor. The evidence of plaintiff and Dr. DeWeese concerning the injuries must be accepted as true. When the evidence is thus considered we cannot judicially say the verdict was excessive. The judgment is affirmed. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.

### ON MOTION FOR REHEARING.

CAMPBELL, C.—In motion for rehearing defendant says our opinion is in conflict with the decision of the Supreme Court in the case of State ex rel. Brancato v. Trimble, 332 Mo. 315, 18 S. W. (2d) 4, in which the court on *certiorari* reviewed the record of this court in the case of Eppstein v. Brancato. This insistence is based upon the theory that "one riding in a private vehicle with which a common carrier vehicle collided was not aided by a presumption of negligence which might have been indulged in favor of a passenger in the common carrier vehicle."

In construing the language of the Supreme Court in reviewing the decision in the Eppstein case, the fact under review must be considered. Eppstein was riding in an automobile owned and operated by Brancato. The automobile collided with a bus of the Inter-State Stage Line Company and injured Eppstein. He sued Brancato and the Inter-State Stage Line Company to recover for his injuries. The Court of Appeals held Eppstein could avail himself of the *res ipsa loquitur* doctrine. The Supreme Court in reviewing that opinion said: "In the instant case defendant Brancato was not a common carrier. The plaintiff was only a guest. For that reason she is not not aided by a presumption of negligence. The collision in the instant case may bespeak negligence, but it does not locate the negligence."

It is not claimed in the case at bar that either plaintiff or Scott was guilty of negligence. Had plaintiff sued Scott then the rule announced by the Supreme Court would apply, but that rule does not apply in the instant case for the reason the evidence does "locate the negligence."

The motion is overruled. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion is overruled. All concur.