**Abe BORESOW, Appellant,**

v.

**Thomas MANZELLA, d/b/a American Cab Company, Respondent.**

No. 47105.

Supreme Court of Missouri,

Division No. 1.

Dec. 14, 1959.

Motion for Rehearing or to Transfer to Court en banc denied Jan. 11, 1960.

Louis N. Pener, Bernard Eveloff, Thos. J. Conway, Jr., Thomas A. Sweeny, Kansas City, for appellant. Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

John C. Russell, Donald E. Raymond, Kansas City, for respondent.

WESTHUES, Judge.

This is a personal injury case wherein plaintiff seeks to recover from defendant Thomas Manzella the sum of $25,000 as damages for injuries alleged to have been sustained through the negligence of the defendant. A trial resulted in a verdict for the defendant. Plaintiff appealed after his motion for new trial was overruled.

The only question presented for consideration is whether the trial court erred in giving instruction No. 5 referred to as a "sole cause" instruction.

The evidence supports the following statement: Plaintiff was a taxicab driver for the Yellow Cab Company. On March 4, 1956, he was parked on Twelfth Street, headed east, in front of the Muehlebach Hotel in Kansas City, Missouri. While so parked, a cab, owned by the defendant and driven by John Tipton, ran into and collided with the rear of the cab occupied by plaintiff. Plaintiff testified that his cab was parked next to the curb; that he was waiting for a passenger; that while he was so waiting, his car was struck a violent blow. Plaintiff stated that as a result of the collision he sustained injuries to his head, neck, and back. Plaintiff, in his petition, did not allege any specific negligence. His case was submitted to the jury on general negligence.

Tipton, the driver of defendant's car, testified that he drove east on Twelfth Street and stopped next to the curb in front of the Muehlebach Hotel Coffee Shop. He stated the Yellow Cab was parked about 10 to 12 feet in front of him; that he let a passenger out at the Coffee Shop after which he started to pull away from the curb and intended to drive east on Twelfth Street. He further testified that as he was in the act of moving into the east traffic line, he noticed cars approaching from the west; he then turned his car back toward the curb and stepped on the brake pedal but found that he had no brakes. His evidence was that he reached for his emergency brake but could not stop in time to avoid contact with the Yellow Cab. He stated the brakes had been good prior to that moment. There was a sharp conflict in the evidence with reference to the force of the impact and also to the extent of plaintiff's injuries. For the purpose of this case, we shall assume that the

collision was of sufficient force to cause plaintiff some injury. Tipton testified that after the collision he saw brake fluid under the front of his cab. Defendant called as witnesses officers of the Yellow Cab Company who were plaintiff's superiors. Mr. Charles Round, supervisor of the company, testified he investigated the collision; that he tested the brakes of Tipton's cab and found that they were completely out. He, too, noticed the brake fluid under the cab. There was other evidence tending to prove that brake fluid was on the pavement under the defendant's cab. A number of mechanics testified that brake fluid in cars of the kind driven by Tipton is contained in a master cylinder with lines extending to the brake drums. These witnesses further testified that if there is an opening or failure in the line which allows the fluid to escape, it is possible that the brakes will fail to operate within a few moments of having operated properly. One mechanic who examined the cab testified that the rubber head of the cup on the master cylinder permitted the fluid to escape; that there was a little particle under the head of the cup which caused it to be lifted providing an opening. He further testified that such a defect could not be discovered without disassembling the cylinder.

Defendant introduced evidence that the cabs used were inspected regularly; that the cab involved in this case was in good condition on the day in question prior to the collision.

The court gave the following instruction (No. 1) at plaintiff's request: "The court instructs the jury that if you believe and find from the evidence that on the occasion mentioned in evidence plaintiff was sitting in a parked automobile facing in an easterly direction on 12th street in Kansas City, Missouri, and that the defendant's automobile was west of the parked car in which plaintiff was sitting, and was being operated in an easterly direction on 12th Street, Kansas City, Missouri, and that the operator of the defendant's automobile negligently and carelessly allowed it to run into and

collide with the rear end of the parked car in which plaintiff was sitting if you so believe and find, and that as a direct result of such negligence, if any, on the part of the defendant, the plaintiff was injured, then and in that event the plaintiff is entitled to recover and your verdict must be in favor of plaintiff and against defendant."

Instruction No. 5, complained of by plaintiff, reads: "The Court instructs the jury that if you find and believe from the evidence that the sole cause of the accident was the sudden failure of the master brake cylinder on defendant's taxicab to function, and that such sudden failure of the master brake cylinder was not the result of any negligence on the part of the defendant, if you so find, and if you further find that said accident was not the result of negligence of defendant as set out in other instructions, then your verdict will be for the defendant and against the plaintiff."

Plaintiff, in his brief, says that instruction No. 5 was faulty because it did not require a finding for the defendant on every reasonable ground of negligence; that it limited a finding to the issue of a brake failure; further, that the instruction removed from the jury's consideration negligence in failing to swerve, failing to keep a lookout, driving into the path of approaching traffic, and that the instruction did not cover the question of whether the defect in the braking system was discoverable.

■ Plaintiff, in the circumstances shown by the evidence, was entitled to rely, as he did, on general negligence, that is, the res ipsa loquitur doctrine. Plaintiff's evidence was sufficient to justify a jury to draw an inference of negligence on the part of defendant. The defendant had a right to show, as he did, that the collision was not caused by any negligence on his part. Jones v. Terminal R. Ass'n of St. Louis, Mo., 242 S.W.2d 473, loc. cit. 478, 479(11–13). The defense was that the collision was caused by the sudden failure of the

foot brake. Defendant introduced evidence in support of that defense and also evidence tending to exclude any other cause.

■ Instruction No. 5 required a finding, before a verdict for defendant was authorized, that the sudden brake failure was the sole cause of the collision; further, that the collision was not the result of any negligence on the part of the defendant. The instruction did not specifically submit to the jury the question of whether Tipton was negligent in failing to keep a lookout and the other matters mentioned by plaintiff. But, the instruction did not, as plaintiff says, remove from the jury's consideration any failure on the part of the defendant which could have been considered to be negligence.

The cases cited by plaintiff may be distinguished. In the case of Dulley v. Berkley, Mo., 304 S.W.2d 878, the plaintiff offered evidence to support two acts of negligence. Plaintiff's husband, while working in a ditch, was killed by a cave-in of the dirt which had been piled alongside the ditch. Plaintiff offered evidence that the piled dirt was not shored and further that it was piled too near the excavation. One of the defendants who had dug the ditch and piled the dirt asked for, and the court gave, an instruction absolving him if the jury found that the cave-in was due solely to the failure to shore. This defendant had contended that it was not his duty to shore. This court held the instruction faulty because it ignored the alleged negligence of piling the dirt too near the excavation. That case does not support plaintiff's theory in this case.

In the case of Jones v. Terminal, supra, 242 S.W.2d loc. cit. 478, the instruction condemned therein (a res ipsa case) only required the jury to find that the elevator there in question was not defective to authorize a verdict for the defendant. The instruction was held to be erroneous because it excluded from the consideration of the jury any negligence on the part of the operator of the elevator. We have no

such situation before us in this case. The following brief quotation from Martin v. Lingle Refrigeration Co., Mo., 260 S.W.2d 562, loc. cit. 566(1, 2), is sufficient to demonstrate that the case is no authority for plaintiff's contention in this case: "If a defendant desires to hypothesize facts in a converse instruction, the instruction must require a finding on all charges of negligence submitted in plaintiff's instruction. In Jones v. Terminal R. Ass'n of St. Louis, Mo.Sup., 242 S.W.2d 473, loc. cit. 478(11–13), we held that if a defendant desires to hypothesize facts in a verdict-directing instruction, he must require a finding that there was no negligence on part of the defendant on any theory."

The instruction under consideration is not in fact a converse instruction. It required the jury to find specifically what was the cause of the collision and further that the defendant was not guilty of any negligence. In other words, if the jury followed instruction No. 5 and made a finding as required, then defendant was entitled to a verdict. We rule that the instruction did not exclude from the jury's consideration any evidence or inference of negligence which the evidence justified.

■ In the remaining assignment of error, plaintiff says that instruction No. 5 is erroneous for the reason that in it the occurrence or collision was referred to as an "accident." In Creech v. Blackwell, Mo., 318 S.W.2d 342, loc. cit. 351(12), this court considered the propriety of the use of the word "accident" in referring to an occurrence such as a collision between two cars. This court there ruled that where the word "accident" is "used in its common and accepted meaning, rather than in its legal sense" it does not render an instruction prejudicially erroneous. This court there said, "When considered in context it is obvious that it was intended to refer to the event out of which this action arose." That the word was so used and understood in the case before us is made all the more evident by a reading of the record. We find that plaintiff, as well as his attorney, used

831

the word "accident" in referring to the collision of the two cabs. We quote a portion of the direct examination of plaintiff by his attorney:

"Q. Had your back ever bothered you before the accident? A. No. I was always able to work.

"Q. You had a pretty good work record, so far as attendance is concerned? A. I didn't hear you.

"Q. Did you have a good work record, so far as attendance is concerned, your daily work, before the accident happened? A. I was before the accident happened. I was always one of the top men at the Yellow. I always received an award for being prompt and being on the job. I always received a driver's award. I had that for seven, eight or nine years, for working full weeks.

"Q. Have you worked since this accident happened? A. Have I worked?

"Q. Yes. A. I didn't work for almost a full half year afterwards."

In plaintiff's brief, the case of Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129, is cited as an authority. A glance at 19 S.W.2d loc. cit. 712(10), will disclose that the case is not applicable to the case now before us. The instruction there considered was what may be termed an accident instruction. It read, in part, that if " 'the injury complained of was the result of mere accident or misadventure, without the fault or negligence of anyone, then the plaintiff cannot recover.' " This court held that under the facts of that case, an accident instruction was not authorized. This court in Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, loc. cit. 857(7), advised that it would be better not to use the word "accident" in instructions in referring to an occurrence such as a collision between cars. However, the instruction under consideration in that case was not held to be erroneous for that reason.

The judgment is hereby affirmed.

HOLLINGSWORTH, J., concurs.

HYDE, P. J., and DALTON, J., concur in result.

HYDE, Presiding Judge (concurring in result).

I agree that it was not error to give Instruction No. 5 in this case. However, I do not agree that submission in this case was or properly could be on res ipsa loquitur. In Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, 920, we held that a similar instruction submitted specific negligence, saying: "Instruction No. 1, here, did require a finding of plaintiff's position in a place where he had the right to be, operating his car properly as required by the highest degree of care, together with his environment and other facts of the situation which showed he could not have been negligent, and then required the finding of the affirmative act by the defendant of driving its truck into that part of the highway and against the rear end of plaintiff's car. Surely all these facts hypothesized would conclusively show active negligence on defendant's part as a matter of law, so that if the jury believed them no result other than a finding of negligence could be reached. We, therefore, hold that this instruction did sufficiently submit specific negligence, shown by substantial evidence, and is not subject to the criticism of giving the jury a roving commission." See also State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68; Witherspoon v. Guttierez, Mo.Sup., 327 S.W.2d 874; Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360.

Plaintiff's Instruction No. 1 herein perhaps did not require a finding that his car was in a place where he had a right to be as clearly as did the instruction in Jones v. Central States Oil Co., supra, because it did not hypothesize facts showing that his car was properly parked next to the curb as his evidence apparently showed it was. Although we are not concerned with

deficiencies in plaintiff's instruction since he did not get a verdict, it seems apparent that plaintiff attempted by this instruction to submit specific negligence under the so-called rear end collision rule established by the above-cited cases. Furthermore we have held that a collision of two automobiles on a highway is not a proper case for res ipsa loquitur, because it involves control of separate instrumentalities by different persons. State ex rel. Brancato v. Trimble, 322 Mo. 318, 18 S.W.2d 4; passenger-carrier cases come under a different rule. Running off the road does make res ipsa applicable because only one car and one driver is involved. See Lindsey v. Williams, Mo.Sup., 260 S.W.2d 472. I do not think we should say that plaintiff in this case was entitled to rely on the res ipsa loquitur doctrine when he had shown a specific negligence case; and when his brief says that he did submit specific negligence in accordance with our ruling in Jones v. Central States Oil Co., supra.

Therefore, I concur in the result.

DALTON, J., concurs.