**Vernon T. DWYER, Appellant,**

v.

**Barbara MOSS and James H. Moss,
Respondents.**

No. 54221.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1971.

Rehearing Denied Feb. 8, 1971.

F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for appellant.

Benson Cytron, House Springs, for respondents.

DONNELLY, Judge.

This is an action for damages resulting from a vehicular collision in Jefferson County, Missouri, which occurred on December 17, 1966. The Dwyer truck was being driven southwardly on Old Sugar Creek Road. The Moss Buick was being driven northwardly.

According to the Dwyer evidence, the Moss car skidded 90 feet, left the road, struck a culvert on the east side of the road, and then collided with the side of Dwyer's truck, which was on the west side of the center of the road.

According to the Moss evidence, Dwyer drove his truck in the middle of the road, and was in the middle of the road when the collision occurred.

Dwyer submitted under the res ipsa loquitur doctrine and received a jury verdict. The trial court granted a new trial. Dwyer appeals. We affirm.

The question is whether the res ipsa loquitur doctrine is available to the driver of one private motor vehicle against the driver of another private motor vehicle in an action for damages sustained as a result of a collision which occurred while both vehicles were *moving* along the highway. We have found no case in Missouri precisely in point on the facts.

In State ex rel. and to Use of Brancato v. Trimble, 322 Mo. 318, 18 S.W.2d 4 (1929); and Estes v. Estes, Mo.App., 127 S.W.2d 78 (1939), guests in *private* motor vehicles were not allowed to avail themselves of the res ipsa loquitur doctrine in actions for damages sustained as a result of collisions between *moving* vehicles.

In Rothweiler v. St. Louis Public Service Co., 361 Mo. 259, 234 S.W.2d 552 (1951), a case involving special treatment by virtue of the passenger-carrier relationship (see Prosser on Torts, 3rd Ed., § 39, pp. 226–227), a passenger on a bus was allowed to avail herself of the res ipsa loquitur doctrine against the carrier in an action for

damages sustained as a result of a collision between *moving* vehicles.

In Boresow v. Manzella, Mo.Sup., 330 S.W.2d 827 (1960), the driver of a vehicle *parked at a curb* was allowed to avail himself of the res ipsa loquitur doctrine in an action against the driver of a *moving* vehicle which crashed into his *stationary* vehicle.

The applicable general law in Missouri was stated in McGrath v. St. Louis Transit Co., 197 Mo. 97, 104, 105, 94 S.W. 872, 874 (1906), where this Court said:

"Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the accident, but show a state of affairs where an inference could be as reasonably drawn that the accident was due to a cause or causes other than the negligent act of the defendant, then the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances of the accident, and the defendant is not called upon to explain the cause of the accident, and to purge himself of the imputed or inferential negligence."

"All courts are agreed that the mere fact of a collision of two automobiles gives rise to no inference of negligence against either driver in an action brought by the other." Prosser on Torts, 3rd Ed., § 39, p. 226.

We hold that the res ipsa loquitur doctrine is not available to plaintiff under the fact situation presented in this case. We consider the following language from Wing v. London General Omnibus Co., C.A. [1909] 2 K.B. 652, 663, 664, appropriate: "[T]he mere occurrence of such an accident is not in itself evidence of negligence. Without attempting to lay down any exhaustive classification of the cases in which the principle of res ipsa loquitur applies, it may generally be said that the principle only applies when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants * * *, so that it is not unfair to attribute to them a prima facie responsibility for what happened. An accident in the case of traffic on a highway is in marked contrast to such a condition of things. Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions those in charge of the vehicle have no control. Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle."

On re-trial, if there is evidence to support it, plaintiff will be entitled to the inference of negligence noted in Friederich v. Chamberlain, Mo.Sup., 458 S.W.2d 360, and will be entitled to submit his case to the jury under MAI Nos. 17.01 and 17.13.

The judgment is affirmed.

HENLEY, C. J., and FINCH, MORGAN and HOLMAN, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in dissenting opinion of BARDGETT, J.

BARDGETT, Judge (dissenting).

I respectfully dissent. Plaintiff-respondent's evidence was that the defendant's vehicle ran off the road on defendant's right side, hit the raised abutment of the culvert and bounced into the left side of plaintiff's vehicle. The investigating officer, called as a witness for plaintiff, testified that the defendant said, "I came over that hill and I saw this man coming. I throwed on the brakes and I hit this culvert and it threw me around and I hit him." Defendant's testimony confirmed the fact that defendant ran off the road, hit the culvert and collided with plaintiff. De-

fendant excused this conduct on her part by testifying that the reason she ran off the road and hit the culvert was because plaintiff was partially on the wrong side of the road and caused defendant to move to her right. This excuse was properly submitted to the jury in a contributory negligence instruction, and the issue was one for the jury to determine.

The principal opinion denies plaintiff the benefit of the res ipsa loquitur doctrine on the grounds that the ultimate collision involved two moving vehicles on a roadway and plaintiff's vehicle was not under the control of defendant. In so doing I believe it misses the point. The res or "thing" that speaks for itself in the instant case is defendant's running off the road and colliding with the abutment. The consequence of this act, whether negligent or not, was the subsequent collision with plaintiff's vehicle. It should make no difference whether the party injured, by the act of defendant in going off the pavement and colliding with the abutment, was on the road or riding a tractor in a field off of the road. The defendant was entitled to explain why she ran off the road and it was the function of the jury to determine whether or not defendant was negligent in so doing.

The principal opinion fixes on the collision of plaintiff's and defendant's car and holds that the mere fact of that collision gives rise to no inference of negligence. I agree generally that the mere fact of a collision of two cars colliding on a highway gives rise to no inference of negligence against either driver, but that is not the crux of this case. The act which is the focal point of this case is the movement of defendant's car off the highway and its collision with the stationary culvert abutment.

In Tabler v. Perry, Mo., 85 S.W.2d 471, the plaintiff-deceased was a passenger in defendant's automobile when the auto left the roadway, ran into an embankment, turned over and killed the passenger. This court held, loc. cit. 477: "The inference of negligence is from the fact that the automobile is driven in such manner and lack of control that *it leaves the proper part of the highway safe for travel* and encounters or creates dangers to persons whether such persons are occupying the automobile or are near or along the highway. * * * The inference of the driver's negligence from his driving the car under his control off the traveled highway, thereby encountering or creating dangers, *is not dependent on whether the person injured as a direct result thereof is in the automobile or in its pathway*." (Emphasis ours.)

In the instant case the collision between the two vehicles was not the act that would give rise to an inference of negligence any more than the collision with the enbankment in Tabler v. Perry, supra, or the collision with pedestrian-plaintiff in Harke v. Haase, Mo., 75 S.W.2d 1001, was the *act* that gives rise to the inference of negligence. In both Tabler v. Perry and Harke v. Haase the act that gave rise to the inference of negligence and the application of res ipsa loquitur was *driving the car off the traveled portion of the roadway*. In the instant case the act giving rise to the inference of negligence was defendant's driving off the roadway. The collision with plaintiff's vehicle here was a *consequence* of leaving the roadway just as the collision with the pedestrian in Harke v. Haase, and Tabler v. Perry was a consequence of the same act—leaving the roadway.

It seems clear under the evidence here that defendant did not "drive" her car into collision with plaintiff but under all the evidence it was *thrown* into collision with plaintiff. The "throwing" resulted from leaving the roadway and hitting the abutment.

Suppose defendant's car had run off the highway, hit the culvert abutment, and as a consequence the left door flew off and struck plaintiff's windshield injuring plaintiff, and the right door flew off and struck a farmer riding a tractor in an adjacent

field. In these circumstances I can't believe we would hold that the farmer on the tractor was not entitled to a res ipsa submission nor that the auto driver was not entitled to the same. It can make no difference whether a part of the defendant's car was thrown against the injured party as a consequence of running off the road or the whole car is thrown against the injured party as in this case.

The principal opinion suggests that on retrial plaintiff, if there is evidence to support it, may be entitled to the inference of negligence noted in Friederich v. Chamberlain, Mo., 458 S.W.2d 360, and may submit her case under MAI Nos. 17.01 and 17.-13. The language of MAI 17.13 is "Defendant drove on the wrong side of the road." We indulge in the necessary presumption that the jury will understand instructions. In so indulging we must recognize the ordinary and common meaning of words. The word "drove" does not lend itself to a description of an automobile that strikes a stationary object and is literally thrown somewhere else, as in this case, and therefore, at least, is confusing when applied to the facts of a case such as this. The res ipsa loquitur instruction, on the other hand, fairly and accurately describes the event and directs the jury's attention to the claimed negligent act, to wit: leaving the road and striking the abutment.

I cannot put the issue better than did Judge Hyde in Harke v. Haase, supra, 75 S.W.2d l. c. 1004: "There is only one very simple and easily understood question of fact in this case. It is: Did defendant's automobile leave the street, run upon the sidewalk, and strike plaintiff because the defendant negligently operated it, or was it caused to do so because another automobile forced it upon the sidewalk. * *"

In the instant case essentially the same issue is involved. Did the defendant's car leave the highway and strike the abutment because defendant negligently operated it, and as a direct consequence injure plaintiff, or was defendant's car forced off the highway and into the abutment by plaintiff's driving onto the wrong side of the road and into its path? These were the issues submitted by the instructions in this case and, in my judgment, properly so.

State ex rel. Brancato v. Trimble, 322 Mo. 318, 18 S.W.2d 4 (1929), and Estes v. Estes, Mo.App., 127 S.W.2d 78 (1939), cited in the principal opinion, are cases where there was nothing more than a collision on a highway between two moving vehicles and in each case plaintiff was a passenger in one of the vehicles. The issue was whether plaintiff by reason of the status of *passenger* in a private vehicle could utilize the res ipsa loquitur doctrine as can a common carrier passenger when the action is against the carrier. The court held that the status of plaintiffs as passengers in private vehicles did not entitle them to utilize the res ipsa loquitur doctrine. In the Estes case the court said, " 'Where either one of two defendants wholly independent of each other may be responsible for the injury complained of, the rule of res ipsa loquitur, in accordance with the preceding principles, cannot be applied.' " Neither case involved a vehicle leaving the traveled portion of the road as did Harke v. Haase, supra. Further, it is apparent in the case before us that the control aspect of res ipsa loquitur has to do with the defendant's control of defendant's car in leaving the roadway and hitting the abutment and not with control of her vehicle after that act took place. Admittedly, defendant did not control plaintiff's vehicle, but neither did defendant control the movements of the pedestrian in Harke v. Haase, supra.

McGrath v. St. Louis Transit Co., 197 Mo. 97, 94 S.W. 872 (1906), cited in the principal opinion, involved a streetcar of defendant, while on the tracks, striking a track worker on the tracks. It did not involve a streetcar jumping the tracks as this case involves an automobile leaving the roadway. Dealing directly with the quotation in the principal opinion from McGrath v. St. Louis Transit Co., it seems

to me that it supports the right of plaintiff here to proceed on res ipsa loquitur. This for the reason that under plaintiff's evidence the facts point to the proximate cause of plaintiff's injury as being defendant's automobile, wholly in defendant's control, leaving the roadway, hitting the abutment, and consequently injuring plaintiff. Whether or not this "proximate cause" was a negligent cause was for the jury to determine.

Wing v. London General Omnibus Co., C.A. [1909] 2 K.B. 652, cited in the principal opinion, and decided in England in 1909, was a case where plaintiff, a passenger on defendant's common carrier bus, was injured while leaving the bus after the bus skidded off the roadway and ran into an electric light standard. These facts, without more, tells us that in Missouri this is a res ipsa loquitur case regardless of what it was in England in 1909. In the rendition of the court's opinion, the judge said: "The plaintiff deposed to nothing more than that she was a passenger in the omnibus, and that she heard breaking of glass, and knew that the omnibus had hit something, and that she heard something fall. She tried to get out, and, in so doing, hurt her foot. * * * evidence was given on her behalf by a police constable, who came up afterwards, and proved that an electric standard had been broken in the accident, and that the hind step of the motor omnibus had been slightly bent. * * * He also proved that the road was in a greasy state at the time by reason of rain that had fallen during the day. * * * the driver and conductor of the omnibus * * * stated to him [the constable] that the hind part of the omnibus skidded, when going about five miles an hour, while the driver was trying to avoid two other vehicles." The court then stated: "There was no evidence whatever that the accident was due to negligence on the part of the servants of the defendants who were in charge of the omnibus, *unless the mere occurrence of the accident amounts to such evidence.*" (Emphasis ours.) The quotation appearing

in the principal opinion followed the above quotation.

The law of this state is that the occurrence described above does amount to sufficient evidence to permit plaintiff to submit on res ipsa loquitur. Story v. People's Motorbus Co. of St. Louis, Mo., 37 S.W.2d 898, was such a case. Plaintiff Story was a passenger aboard defendant's carrier bus which skidded off the pavement and hit a telephone post. This court said loc. cit. 900: "Consequently, with the relationship of carrier and passenger developed, in conjunction with the skidding of the bus and its collision with the pole, and an injury to plaintiff caused by an unusual occurrence, an inference arose that defendant had not exercised that high degree of care. * * *"

For a Missouri case where plaintiff was a pedestrian and was struck by a signpost which was knocked down by a bus that skidded off the pavement into the sign, and held by this court to be res ipsa loquitur, see Rodefeld v. St. Louis Public Service Co., Mo., 275 S.W.2d 256.

I submit that the quotation from Wing v. London General Omnibus Co., supra, would be applicable if our law were the same as England and is an apt quote of Missouri law in cases similar to State ex rel. Brancato v. Trimble, supra, and Estes v. Estes, supra, where there is nothing more than a collision between two cars on a highway. Respectfully, however, it seems to me that Wing v. London Omnibus Co., supra, does not set forth the law of this state in instances where the defendant's car *leaves the roadway* and as a consequence another is injured.

The application of res ipsa loquitur to collisions that take place on the traveled street when defendant's original act bespeaks of negligence is not new. In Kalver v. Metropolitan Street R. Co. (1912), 166 Mo.App. 198, 148 S.W. 130, the court held res ipsa loquitur applicable where a streetcar derailed and struck a wagon on the street which in turn struck plaintiff. In Dunlap v. Kansas City Public Service Co.

(1939), 234 Mo.App. 351, 130 S.W.2d 658, res ipsa loquitur was applicable when a west-bound streetcar split a switch causing it to move against plaintiff's moving east-bound automobile. See L.R.A. 1917D, p. 815; 2 A.L.R. 1614. The act giving rise to the inference of negligence in neither of these cases was the collision but rather the *derailment* and *splitting the switch*. So, in our case, the final collision of the vehicles is not the significant act from which negligence may be inferred, but rather the act of defendant's car in *leaving the roadway*.

I respectfully submit that the law set forth in the principal opinion is a substantial departure from the established Missouri law enunciated in Harke v. Haase, supra; Tabler v. Perry, supra; Rodefeld v. St. Louis Public Service Co., supra, and a host of other cases dealing with motor vehicles leaving the traveled portion of the roadway, and I disagree with this departure. Res ipsa loquitur is, in my opinion, applicable to this case.